MINNIE COTTEN ET AL. v. W. R. AND C. L. JOHNSTONE.

(Filed 11 September, 1918.)

**Conversion — Lands—Trees—Counties—Roads and Highways—Contracts— Torts.**

Where it is admitted that the owner of lands had given by parol to the county a right of way over them for a roadway, which was being constructed by the defendant under contract with the county, and the statute of frauds is not pleaded or relied upon, the gift of the land carries with it the trees, etc., thereon; and the owner, the plaintiff in the action, may not recover of the defendant for the tops and laps of these severed trees that had been used by the defendant's employees as firewood during the construction of the road, as for wrongful conversion, or otherwise.

APPEAL by plaintiffs from *Daniels, J.,* at April Term, 1918, of EDGECOMBE.

*James M. Norfleet and Donnell Gilliam for plaintiffs.*
*Allsbrook & Philips for defendants.*

CLARK, C. J.  The county commissioners having decided to straighten a road which would go over the timbered part of land belonging to the plaintiffs, a right of way 1260 x 40 feet was laid off by the road superintendent.  The plaintiffs gave the land to the county and agreed that the defendants, who were working the road under the road superintendent, might pitch their camp upon the land.  The defendants had contracted with the county to construct the road, charging so much for team, labor, etc.  The defendants cut the trees and underbrush upon the right of way and moved them out upon the plaintiffs' land.  The plaintiffs state in their brief that they do not complain of cutting the trees or putting them upon their land, but that the defendants used the timber taken off the right of way for firewood.  It was in evidence that while the defendants were constructing the road, in the winter and spring of 1917, the weather was very wet and cold, and the laborers used the tops and laps of these trees for cooking and for drying the laborers when returning from their work.  They rolled the trunks of the trees to one side and burned in their campfires some of the laps and limbs which had been cut off.

The Court intimated that it would charge the jury that the plaintiffs' cause of action, if any, was against the county of Edgecombe and not against these defendants, whereupon the plaintiffs submitted to a non-suit and appealed.

It is true that land cannot be conveyed by parol, but the plaintiffs admit that they granted the right of way to the county, and do not plead the statute of frauds.  They stood by for months and saw the trees cut down and removed by the defendants under the direction of the county authorities, and the laps and tops burnt without objection.

The only exception filed by the plaintiffs is that "The court erred in holding that plaintiffs could not recover of the defendants, as tort feasors, for the conversion of the trees after they had been cut on the right of way and hauled and placed on plaintiffs' land, there being no liability upon the county, as the trees were cut by consent of the plaintiffs, and no part of the same was used for the repair or construction of said road; the action being in effect for the wrongful conversion, and not for the cutting of the trees."  This exception is argumentative, but it will be seen that the plaintiffs rest their case entirely upon the ground that the county could not permit the defendants to use the laps and tops and underbrush cut from the right of way for firewood, though admitting, it seems, that the county might have used such timber in the repair or construction of the road.

The donation of the right of way without any reservation of the timber, or the uses to which it could be put, put the county in the same plight and condition as if it had acquired the right of way by deed or condemnation. The timber passed, in the absence of any restriction, and the county had the same right to permit the defendants to use the laps and tops for firewood in cooking and in drying the laborers as it would have had to use the timber for construction or repairing the roadway.

Affirmed.